IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRIS HAULMARK,

               Plaintiff,

vs.                                              Case No. 20-4033-SAC

STATE OF KANSAS, et al.,

               Defendants.

**O R D E R**

Plaintiff is hearing impaired and speaking impaired. His preferred means of communication is through sign language. His pro se complaint asserts claims for damages, injunctive and declaratory relief against the "Kansas Legislature" for violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134 et seq. and violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. By "Kansas Legislature" plaintiff refers to five defendants named in the complaint: the State of Kansas, the Kansas Senate, the Kansas House of Representatives, Susan Wagle in her official capacity as President of the Kansas Senate, and Ron Ryckman in his official capacity as Speaker of the Kansas House of Representatives. Doc. No. 1, ¶ 2. Plaintiff uses the collective term "Kansas Legislature" frequently throughout the complaint. He also uses the collective term

"defendants" beginning at ¶ 85. The complaint seldom refers to Wagle or Ryckman by name or title. This case is before the court upon the motion to dismiss of defendants Wagle and Ryckman. Doc. No. 8.

I. Motion to dismiss standards

The motion to dismiss states that dismissal is sought under Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction and Fed.R.Civ.P. 12(b)(6) for failure to state a claim. For the purposes of this order, the court shall construe the motion as making a facial attack upon the court's jurisdiction, i.e., questioning the sufficiency of the jurisdictional allegations in plaintiff's complaint. Therefore, the court shall apply the same standards as the court applies to Rule 12(b)(6) motions. Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010). Under these standards, the court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal conclusions alleged in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because plaintiff proceeds pro se his pleadings are entitled to a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of

procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

II. Allegations in the complaint

The complaint alleges that the Kansas Legislature offers live audio streams of legislative proceedings, live audiovisual streams of legislative proceedings on a YouTube channel, as well as content on the social media accounts of individual legislators.  Plaintiff asserts that he needs real-time captions, transcripts and sign language interpreters to enable him to access information from the Kansas Legislature, and to participate in and enjoy the benefits of the services, programs and activities of the Kansas Legislature.

Specifically regarding Wagle and Ryckman, the complaint alleges that plaintiff send a letter dated February 18, 2019 addressed to Ryckman and copied to Wagle.  The letter requested accessible online streaming services.  The complaint further alleges that defendants Ryckman and Wagle were copied on a Kansas Open Records Act request addressed to the Executive Director of Legislative Administrative Services.  Finally, the complaint alleges that plaintiff met with Ryckman and requested accommodations regarding online audio-only streaming content and that Ryckman responded that the Kansas Legislature would not deal with the matter until the 2019-2020 Session was over.[1]

---

[1] There are no allegations regarding Wagle or Ryckman's social media accounts.

The complaint requests prospective relief requiring, among other things: an in-person sign language interpreter readily available in the State Capitol building; that streaming audio and video content to be readily accessible and usable by plaintiff; and the promulgation of a policy requiring all videos published on Kansas legislators' social media platforms provide effective communication to plaintiff.

III. Standing and Ex parte Young

Defendants Wagle and Ryckman have argued for dismissal on the grounds that injunctive relief may not be ordered against a state official in his or her official capacity who lacks the power to perform the action sought by plaintiff. Although Wagle and Ryckman make other arguments, the court shall focus on this contention which relates to the jurisdictional concerns of standing and sovereign immunity. See Kitchen v. Herbert, 755 F.3d 1193, 1201 (10th Cir. 2014)(standing is a component of jurisdiction); Peterson v. Martinez, 707 F.3d 1197, 1202 (10th Cir. 2013)(Eleventh Amendment immunity is a jurisdictional bar); see also, Cressman v. Thompson, 719 F.3d 1139, 1146 n.8 (10th Cir. 2013)(recognizing "common thread" between standing analysis and Eleventh Amendment Ex parte Young considerations); Gadlin v. Sybron Intern. Corp., 222 F.3d 797, 799 (10th Cir. 2000)(jurisdictional issues generally precede disposition of other questions).

The Eleventh Amendment generally bars lawsuits in federal court against state officers in their official capacities. Harris v. Owens, 264 F.3d 1282, 1289 (10th Cir. 2001). Under Ex parte Young, 209 U.S. 123 (1908), however, a claim may be made for prospective relief against a state official in his or her official capacity when an ongoing violation of federal law is alleged. Harris, 264 F.3d at 1290.

Plaintiff does not contend that he can recover damages against defendants Wagle and Ryckman in their official capacities. He states in his response to the motion to dismiss that his lawsuit "falls squarely under the doctrine set forth in Ex parte Young, and for that reason, Plaintiff Haulmark can seek declaratory and injunctive relief" against Wagle and Ryckman "in their official capacities." Doc. No. 12, p. 17.

To possess standing to bring such a claim, a plaintiff must establish (1) that he may suffer an injury in fact; (2) that the injury will be fairly traceable to Wagle or Ryckman in an official capacity; and (3) that it is likely that the injury can be prevented by a favorable decision against Wagle or Ryckman in an official capacity. See Kitchen, 755 F.3d at 1201; Cressman, 719 F.3d at 1145. There must be a "meaningful nexus" between the defendant and the asserted injury. Kitchen, supra. The final element requires plaintiff to show that Wagle or Ryckman have the authority to prevent his expected injury from occurring. See

5

Cressman, 719 F.3d at 1146-47; see also Rangel v. Boehner, 20 F.Supp.3d 148, 161-62 (D.D.C. 2013)(publicly censured Congressman did not show standing when he sued six individual legislators and staff members who could not strike censure, an action which would require the unanimous consent of the House of Representatives).

Similar analysis is used to consider the Ex parte Young exception to Eleventh Amendment immunity. See Barrett v. Univ. of New Mexico Bd. of Regents, 562 Fed.Appx. 692, 694 (10th Cir. 2014)(to proceed under Ex parte Young a plaintiff must adequately allege the official's duty to enforce the ADA); Bertolo v. Shain, 2020 WL 2365245 *5 (D.Colo. 2/27/2020)(dismissing official capacity claim against state officer who was not alleged to have responsibility for developing or enforcing restrictions being challenged); Gorenc v. Klaassen, 421 F.Supp.3d 1131, 1148-49 (D.Kan. 2019)(dismissing claim against state nursing board president because she did not have the power to perform the act required to overcome Eleventh Amendment immunity via the Ex parte Young exception); see also Heffley v. Steele, 2019 WL 5092127 *6 (W.D. Pa. Oct. 11, 2019) aff'd, 2020 WL 5569450 (3rd Cir. 9/17/2020)(ADA suit against a defendant in his or her official capacity solely for prospective injunctive relief must actually be against someone who can provide such relief).

Plaintiff's complaint does not allege that Wagle in her official capacity as Senate President or Ryckman in his official

capacity as Speaker of the House will take an action or actions to cause injury to plaintiff or has the power as Senate President or Speaker of the House to enact the accommodations he seeks to improve his access to information regarding the Kansas Legislature's proceedings.  Therefore, plaintiff has failed to adequately allege a future injury fairly traceable to their actions or that a favorable decision against Wagle or Ryckman would redress the injuries he claims.  The court concludes that plaintiff does not have standing to bring this action against Wagle and Ryckman and that he has failed to properly allege a claim for prospective relief under Ex parte Young.

IV. Conclusion

For the above-stated reasons, the motion to dismiss at Doc. No. 8 is granted and plaintiff's claims against defendants Wagle and Ryckman are dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 30th day of September 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge